[File No. 6123.]

MATILDA ORCUTT, Respondent, v. FRANK ORCUTT, Appellant.

(247 N. W. 372.)

Opinion filed March 6, 1933.

*Chas. L. Crum* and *C. Liebert Crum,* for appellant.
*Sullivan, Hanley & Sullivan,* for respondent.

CHRISTIANSON, J.  This is an appeal by the defendant from an order of the district court of Stutsman County finding the defendant, Frank Orcutt, guilty of contempt in failing to comply with the order of the court made in the above entitled action on January 26, 1932, whereby the defendant was required to pay to the plaintiff as and for alimony the sum of $30 per month on February 1, 1932, and a like sum on the first day of every month up to and including July 1, 1932, and the further sum of $25 per month on the first day of every month thereafter until the further order of the court.  At the time the order appealed was made, the aggregate of the amounts in default under the former decree aggregated $155; the court taxed cost of the proceedings on the contempt proceedings at $25 and directed that the defendant be committed to the custody of the sheriff of Cass County until the total sum of $180 was paid.  Much of the showing on the part of both parties consisted of affidavits.  There were submitted to the defendant certain interrogatories which he answered in writing.  It is undisputed that the defendant has failed to pay all the sums prescribed by the decree of divorce.  The undisputed evidence discloses that he is employed and is receiving an average wage of not less than $150 per month.  A careful consideration of the evidence leads us to the conclusion that the trial court was justified in finding that the defendant had not attempted in good faith to comply with the court's order and decree.  For a number of months the defendant not only failed to pay the sum stipulated in the decree of divorce and in the supplemental order, but he made no payments whatever.  Upon the record on this appeal it cannot be said that the defendant has shown any reason for not making any payments.  The only deduction that reasonably can be drawn from the evidence is that he has not attempted to do all that he could do.  The records, however, do not disclose a present ability on the part of the defendant to pay the $180 that he is directed to pay in one payment.  It is undisputed that if the defendant is incarcerated in jail

pursuant to the order appealed from he will lose his present employment and it is conceded that if he should lose such employment there is no likelihood of his getting any other employment which will enable him to make the payments provided in the decree of divorce or any payments whatsoever. We believe that the ends of justice will be best subserved by modifying the order appealed from in so far as it prescribes the terms of payment. Accordingly it is ordered that in so far as the defendant is required to pay to the plaintiff the sum of $25 per month on or before the first day of each month that the orders be and the same hereby are in all things approved. So far as the past due payments are concerned, however, we are of the opinion that these should be divided and spread over a period of time so as to require the plaintiff to pay the same at the rate of $10 per month with interest at the rate of six per cent from the date that the payments became due under the order and decree. The first payment of $35 to be made on or before April 10, 1933, and like amounts to be paid on or before the tenth day of each month thereafter until the total amount of the past due payments has been paid. This, of course, is without prejudice to the right of either of the parties to make application for modification of the decree so far as the provisions relating to alimony are concerned. Accordingly the case is remanded and the trial court is directed to make and enter a new order conformable to this opinion.

Nuessle, Ch. J., and Burr, Birdzell and Burke, JJ., concur.